UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOUSING<br>AND URBAN DEVELOPMENT,<br>451 7th Street NW<br>Washington, DC 20410<br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 19-cv-1255<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1. Plaintiff American Oversight brings this action against the U.S. Department of Housing and Urban Development under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from

continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.     Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.     Defendant U.S. Department of Housing and Urban Development (HUD) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HUD has possession, custody, and control of the records American Oversight has requested.

## STATEMENT OF FACTS

7.     On February 5, 2019, American Oversight submitted a FOIA request to HUD seeking:

> All communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), calendar invitations, calendar entries, meeting notices, meeting agendas, any handwritten or electronic notes taken during any oral communications, or any summaries of any oral communications) sent or received by any political appointee* at HUD regarding the 2018 sale of the Starrett City housing complex.
>
> The search for responsive records should include all individuals and locations likely to contain responsive records. However, at a minimum, we believe a search for responsive records should encompass at least the following custodians and offices: Ben Carson,

Lynne Patton, Andrew Hughes, Mason Alexander, Christopher Bourne, David Byrd, Michael Nason, Brian Montgomery, C. Lamar Seats, and any other political appointees* in the Office of the Secretary, the Office of Housing (including the Office of Multifamily Housing Programs) or Region II.

Additionally, the search for responsive records should include at least the following search terms, as well as any other words, phrases, or identifiers that HUD knows to have been used in reference to the Starrett City sale: Starrett, Brooksville, Rockpoint, or Spring Creek.

*"Political appointee" should be understood as any person who is a Presidential Appointee with Senate Confirmation (PAS), a Presidential Appointee (PA), a Non-career SES, any Schedule C employees, or any persons hired under Temporary Non-career SES Appointments, Limited Term SES Appointments, or Temporary Transitional Schedule C Appointments.

8. American Oversight requested records for the period from January 20, 2017, through May 31, 2018.

9. American Oversight submitted its request to HUD via United States Postal Service (USPS) Certified Mail. According to USPS tracking information, American Oversight's request was delivered to HUD on February 11, 2019.

10. By letter dated February 13, 2019, HUD acknowledged that it had received American Oversight's request on February 11, 2019.

11. By letter dated March 8, 2019, HUD again acknowledged receipt of the request. HUD further assigned the request the tracking number 19-FI-HQ-00695.

12. American Oversight has received no further communication from HUD regarding the processing of its FOIA request.

*Exhaustion of Administrative Remedies*

13. As of the date of this Complaint, HUD has failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records HUD intends to produce or withhold and the reasons for any withholdings; or

(b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

14. Through HUD's failure to respond to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

15. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

16. American Oversight properly requested records within the possession, custody, and control of HUD.

17. HUD is an agency subject to FOIA, and it must therefore make reasonable efforts to search for requested records.

18. HUD has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA request.

19. HUD's failure to conduct adequate searches for responsive records violates FOIA and HUD regulations.

20. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

21. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

22. American Oversight properly requested records within the possession, custody, and control of HUD.

23. HUD is an agency subject to FOIA, and it must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

24. HUD is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce non-exempt records responsive to its FOIA request.

25. HUD is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA request.

26. HUD's failure to provide all non-exempt responsive records violates FOIA and HUD regulations.

27. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA request;

(2) Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA request;

(4) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: April 30, 2019

Respectfully submitted,
*/s/ Elizabeth France*
Elizabeth France
D.C. Bar No. 999851
Hart W. Wood
D.C. Bar No. 1034361

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-2465
beth.france@americanoversight.org

*Counsel for Plaintiff*